ASTRID PEDERSON AND THOMAS PEDERSON, RESPONDENTS, v. EDWARD SHOE CORPORATION AND CHARLES POLINSKY, APPELLANTS.

Submitted February 17, 1928—Decided May 14, 1928.

For the respondents, *John E. Toolan.*

For the appellant Charles Polinsky, *Thomas Brown.*

The opinion of the court was delivered by

MINTURN, J. While walking along Smith street, in the city of Perth Amboy, about three o'clock in the afternoon, on May 28th, 1926, the plaintiff Astrid Pederson, the wife of the co-plaintiff, stepped into a cellar opening, immediately fronting the store of the Edward Shoe Corporation, fell upon her left leg, and thereby sustained a fracture of the fibula bone of that limb. The cellar aperture was not continuously open, but upon this occasion almost coincidently with her arrival it was thrust open, under circumstances which present the material inquiry of the defendant's liability for the ensuing accident.

Charles Polinsky, a coal dealer, under an order of delivery, was about to unload the coal from his vehicle to the Edward Shoe Corporation, from whose premises the cellar door opened upon the sidewalk. Planko, one of the servants of Polinsky, the coal dealer, obtained the necessary direction as to the placing of the coal in the cellar, entered the cellar and opened the door leading to the sidewalk, at a time when the plaintiff Astrid was upon the closed half of the bisected door, and almost immediately thereafter she stepped into the hole suddenly created by the opening of the other half of the door by Planko. The jury found a verdict for the two plaintiffs, as husband and wife, against the coal dealer, Charles Polinsky, and a verdict of no cause of action against Edward Shoe Corporation. At the trial, motions to nonsuit as against Polinsky, as well as a motion to direct a verdict in his favor, were denied by the learned trial court, and these rulings present the substantial basis of this appeal.

The legal theory underlying the arguments is that when Planko entered the shoe corporation's premises, seeking directions as to the placing of the coal and by following the directions there given, he became *pro hac vice,* the servant of the

shoe corporation, and *ipso facto* lost his identity as a servant of his employer. The trial court properly allowed the question of Planko's agency to go to the jury. *Missell* v. *Hayes,* 86 *N. J. L.* 348; *Hardy* v. *Delaware, Lackawanna and Western Railroad,* 57 *Id.* 505.

Polinsky's duty under his contract obviously was to deliver the coal at such place upon the vendee's premises, as the latter might indicate. If in the effort to complete the delivery his employe found it necessary to prepare the necessary opening in the walk, for the purpose, and assumed the task of so doing, the act thus performed manifestly was within the lines of his employment, unless he specifically refused to follow the directions given by the vendee. Having voluntarily undertaken the incidental work as part of the process of delivery, he did not *nolens volens* automatically subject himself to a change of masters, and *ipso facto* impose upon the vendee the responsibilities and obligations incident to the existence of the legal relationship of master and servant.

The doctrine of *respondeat superior,* upon which this contention must be predicated, results from the contractual relationship of agency, or of master and servant, expressly or impliedly created, in which legally inheres the essential element of consent to the change of status, express or implied, upon the part of both parties; and while this dominant legal characteristic may be implied from acts and circumstances, the evidence must be such as would reasonably lead to the inference that the change of status was within the contemplation of both parties to the undertaking; for as was observed by this court in *Courtinard* v. *Gray Burial Co.,* 98 *N. J. L.* 493, "as a sentient being capable of choosing his own employment, his services could not be transferred to another without his consent, expressly or impliedly given; and whether such transfer was in fact effectuated would inevitably become a jury question wherever from the testimony that inquiry would assume the form of a debatable question." The learned trial court so treated the inquiry, and his action in that respect must be affirmed.

The contention was made that because the employe in this instance violated the general course of instructions prescribed

for him by his employer, in arranging access to a customer's building, for the purpose of delivery, he thereby exceeded his authority, and his act of disobedience in that regard can impose no legal obligation upon the master for its damnifying consequences.

The legal test, however, is whether the act performed was within the general scope of the agent's apparent authority, in the execution of the master's business, even though he exceeded private instructions in his effort to perform the duty where such instructions were not communicated to the party acting with such agent, so as to present a factual status upon which a change in the legal relationship of the parties might be predicated. 1 *Kent Com.* 440; *Story Eq.* 147; *Barnard* v. *Kellogg*, 77 *U. S.* 383; *Heckel* v. *Cranford Club*, 97 *N. J. L.* 538.

The result is that the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.